IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND HAMILTON,

        Plaintiff,

v.                                                                                CIV 14-0040 KBM/GBW

UNITED STATES OF AMERICA (UNITED
STATES DEPARTMENT OF VETERANS
AFFAIRS, ALBUQUERQUE VA HOSPITAL),

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on cross-motions for summary judgment – the Motion for Summary Judgment for Violations of the Freedom of Information Act (*Doc. 10*) filed by Plaintiff Raymond Hamilton ("Hamilton") and Defendant United States' Motion for Summary Judgment (*Doc. 18*). Pursuant to 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure, the parties have consented to me serving as the presiding judge and entering final judgment. *Doc. 16.* Having reviewed the parties' submissions and the relevant law, the Court finds that United States' Motion for Summary Judgment is not well-taken and will be denied. On the other hand, Plaintiff's Motion for Summary Judgment is well-taken and will be granted, although the Court reserves its ruling on the relief to be given to Plaintiff.

I.    **Background and Procedural Posture**

Attorney Hamilton represents the estate of John Edward Allen in a Federal Tort Claims Act medical malpractice action relating to "a botched cataract surgery" performed

at the Albuquerque VA Hospital ("VA").  The medical malpractice suit alleges that during cataract surgery, a cannula[1] dislodged causing damage to Mr. Allen's eye.  That malpractice action has since settled on January 15, 2015.  *See Doc. 46* in CIV 13-0661 JB/KK.

The instant case arises from a request for documents pursuant to the Freedom of Information Act ("FOIA) made by Plaintiff Hamilton.  While investigating his client's claim before filing the malpractice suit, Plaintiff submitted two requests pursuant to FOIA to the VA and felt that the responses he received were inadequate.  Alleging that those responses did not comply with the dictates of the FOIA, he filed an appeal that has never been addressed on the merits.

Plaintiff Hamilton filed the instant action on January 13, 2014.  He asserts violations of the FOIA and seeks:  (1) the VA's confirmation as to whether or not drafts of the memorandum exist; (2) the VA's response to Plaintiff's appeal; (3) a reasonable search by the VA for the information he has requested; and (4) the production of any responsive records.  Additionally, Plaintiff seeks attorney fees incurred in obtaining relief. The VA, on the other hand, contends it conducted a reasonable search, that no drafts of the memorandum exist, and that it has produced all responsive documents.

## II.     Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1] A cannula is a needle-like surgical instrument used for irrigation during eye surgery.  *See Doc. 11* at 1 n.1; *Doc. 11-2* at 1.

of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists where the evidence is such that a reasonable jury could resolve the issue either way. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotations omitted). The "materiality" of a fact is determined by substantive law. *Anderson*, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. A mere scintilla of evidence in the non-movant's favor is not sufficient to defeat summary judgment. *Id*. at 252.

"In reviewing a motion for summary judgment under the FOIA, the Court must conduct a *de novo* review of the record," and "all underlying facts and inferences are analyzed in the light most favorable to the FOIA requester." *Schoenman v. F.B.I.*, 575 F. Supp. 2d 136, 148 (D.D.C. 2008) (citing 5 U.S.C. § 552(a)(4)(B); *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996)). An agency may be entitled to summary judgment if it establishes that it conducted a reasonably adequate search, that each document requested has either been produced, is unidentifiable, or is exempt from disclosure. *Trentadue v. F.B.I.*, 572 F.3d 794, 796-97 (10th Cir.2009); *Williams v. Department of Veterans Affairs*, 510 F. Supp. 2d 912, 920 (M.D. Fla. 2007) (citing *Wilbur v. Central Intelligence Agency*, 273 F. Supp. 2d 119, 124 (D.D.C. 2003)); *Hall & Associates v. E.P.A.*, 846 F. Supp. 2d 231, 238 (D.D.C. 2012) (citing *Weisberg v. Dep't of Justice*, 627

F.2d 365, 368 (D.C. Cir. 1980)).

### III. Undisputed Material Facts

On February 28, 2013, Plaintiff submitted a FOIA request to the VA seeking "standards, policies, protocols, guidelines and procedures or drafts thereof . . . regarding prevention of a cannula from becoming detached from a syringe during cataract surgery." Plaintiff's Undisputed Material Fact ("Plf's UMF") No. 1; Defendant's Undisputed Facts ("Def's UMF") Nos. 1, 5; *Doc. 11-1*.[2] On March 5, 2013, the VA responded by providing a copy of a February 6, 2013 memorandum ("Cannula Memo") from the Chief of Surgery entitled "minimizing the advertant [sic] dislodgement of cannulas during eye surgery." Plf's UMF No. 2; *Doc. 11-2*.

On March 12, 2013, Plaintiff sent a second FOIA request again asking for any drafts of the Cannula Memo as well as email traffic, logs and records of communications between the VA and doctors at Eye Associates of New Mexico regarding Mr. Allen. Plf's UMF No. 3; Def's UMF No. 3; *Doc. 11-3*. In response, the VA, without explanation, again provided a copy of the same Cannula Memo it had already produced and advised that the VA was unable to locate any documents responsive to the request regarding email traffic. Plf's UMF No. 4; Def's UMF No. 6; *Doc. 11-4*.[3] Defendant did not indicate whether or not any drafts of the Cannula Memo were in existence. *Id.*

---

[2] In response to Plaintiff's motion, Defendant contends that Plaintiff's Fact Nos. 1-3 and 5-14 are immaterial. The Court agrees that Fact Nos. 7, 8, 10, 13, and 14 are immaterial and Fact Nos. 11 and 12 are legal arguments and not facts.

[3] Defendant purports to dispute Fact No. 4 by providing an explanation for resubmitting the memo. This explanation does not create a genuine dispute of Fact No. 4.

4

On May 7, 2013, Plaintiff appealed the VA's April 22, 2013 FOIA response.  Plf's MF No. 5; *Doc. 11-5*.  On May 23, 2013, the VA acknowledged receipt of the appeal and advised that, due to its work load, it could not provide an estimate as to when the appeal would be complete or when a decision would be rendered.  Plf's UMF No. 6; *Doc. 11-6*.  It is undisputed that the VA did not render a final decision on Plaintiff's appeal.  Plf's UMF No. 9.  Indeed, Defendant states that "[by the time the appeal was set to be processed, Plaintiff had filed this action thereby placing a hold and closing the appeal."  *Doc.* 19 at 3.

## IV.  Discussion

### A.  VA's Response to Plaintiff's Appeal

Under the FOIA, an agency must "make a determination with respect to any appeal within twenty days . . . after the receipt of such appeal."  5 U.S.C. § 552(a)(6)(A)(ii).  The consequence of an agency's failure to make a timely determination is that "administrative remedies are constructively exhausted and a cause of action accrues."  *See Peck v. C.I.A.*, 787 F. Supp. 63, 65 (S.D.N.Y. 1992) (citing 5 U.S.C. §552(a)(6)(A)(ii) and *Spannaus v. U.S. Dep't. of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987)).

As noted above, the agency failed to make a determination on Plaintiff's appeal within the statutory 20 day period for doing so.  Thus, Plaintiff's administrative remedies are constructively exhausted, and he is free to file suit in this Court.  The VA contends that the filing of the lawsuit "negates the need for the continuation of an appeal."  *Doc.* 17 at 2.  While the fact that Plaintiff filed this action does not absolve the VA of producing responsive documents, as a practical matter, there is no longer a need for the VA to determine whether their search was adequate, as that issue is to be determined in this

5

case.  S*ee Info. Network for Responsible Min. (Inform) v. Bureau of Land Mgmt.*, 611 F. Supp. 2d 1178, 1183 (D. Colo. 2009) (noting the failure to produce responsive documents through an untimely appeal is a continuing violation requiring the Court to assess the adequacy of the search).  Plaintiff's request for the Court to require the VA to respond to his appeal will, therefore, be denied.

>    B.    **Adequacy of the VA's Search**

"[T]he issue in a FOIA lawsuit challenging an agency's search for records is not whether there exist further documents responsive to a FOIA request but whether the agency conducted a reasonable search for responsive documents."  *Trentadue*, 572 F.3d at 807.  Thus, general "principles of reasonableness" provide guidance to the Court's analysis.  *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 185 F. Supp. 2d 54, 63 (D.D.C.. 2002) (citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).  There is no requirement that an agency perform an exhaustive search, but "the search must be conducted in good faith using methods that are likely to produce the information requested if it exists."  *Id.*  (citing *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998)); *see also Oglesby,* 920 F.2d at 68.

The agency may rely on a reasonably detailed affidavit or declaration in order to establish they have conducted an appropriate search.  *Williams*, 510 F. Supp. 2d at 920; *Hall*, 846 F. Supp. 2d at 238 (internal citations omitted).  The declaration must be sufficiently detailed and non-conclusory and demonstrate that the search method was reasonably conducted to uncover all relevant documents,  *See Oglesby*, 920 F.2d at 68; *Judicial Watch*, 185 F. Supp. 2d at 63.  In other words, declarations must "describe what

records were searched, by whom and through what process." *Steinberg*, 23 F.3d at 552. Declarations submitted by the agency are given "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *Judicial Watch*, 185 F. Supp. 2d at 63 (quoting *SafeCard Services, Inc., v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

  Here, the VA submits the declaration of Jill E. Baker (*Doc. 17-2*), who explains that she was responsible for responding to Plaintiff's FOIA requests. Ms. Baker states that she "conducted a thorough search for any drafts of the Memo provided [to Plaintiff] on March 5, 2013" by presenting the request to the Pentad members, the Chief of Medicine, Chief of Staff, Chief of Ophthalmology, and Chief of Surgery. *Doc. 17-2* at 4. Only the Chief of Ophthalmology "responded to the request explaining that there was no local or national policy on the subject as of December 14, 2011" and again provided only the February 6, 2013 Cannula Memo with no mention of whether any drafts existed. *Id*. Without further explanation, Ms. Baker now states in her declaration in conclusory fashion, "There are no drafts." *Id*. As to the request for e-mail communications, Ms. Baker states that she simply presented Plaintiff's second request to the doctors Plaintiff identified and asked them to search their emails for "John E. Allen" or a derivative of his name. *Doc. 17-2* at 4. Each doctor indicated that they did not have any responsive documents. *Id.*

  Although Ms. Baker forwarded Plaintiff's FOIA requests to people reasonably likely to have such information, she does not state which files were searched by those individuals or what processes were used to conduct a search. Further, with regard to

drafts of the Cannula Memo, Ms. Baker's declaration only addresses her efforts as to a search conducted on February 28, 2013 which was *prior* to Plaintiff's second request for drafts on March 12, 2013.   The declaration provides no details of any search for drafts of the Cannula Memo after Plaintiff's second request.   Without knowing the details of what files were searched or how they were searched or by whom, the Court is unable to conclude that the VA's search was reasonably calculated to uncover all relevant documents.   Thus, the Court concludes that the undisputed material facts establish that the agency failed to meet its reasonable search obligations under FOIA and that it is Plaintiff who has shown entitlement to summary judgment.

The Court now turns to the issue of the appropriate relief to be provided to Plaintiff. Given that the parties in the underlying medical malpractice lawsuit have reached a negotiated resolution, there seems to be no live controversy to which the sought information would relevant.   The Court is therefore hesitant to require the VA to expend its scarce resources in what may be an empty exercise of potentially no value at this point. The parties are directed to confer on this point to determine whether another search for responsive documents should be undertaken and advise the Court by the filing of a status report by March 16, 2015 of their positions on that point as well as on the issue of Plaintiff's entitlement to fees and costs under 5 U.S.C. § 552(a)(4)(E).

**Wherefore,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (*Doc. 18*) is hereby **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (*Doc. 10*) is hereby **granted, but with the appropriate relief yet to be determined after the filing of the status report noted above.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent